# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:11-CV-00300

| | |
|---|---|
| HAROLD B. WOOD, )<br> )<br>      Plaintiff, )<br>vs. )<br> )<br>SOUTH CAROLINA BANK AND TRUST )<br>COMPANY OF THE PIEDMONT, N.A., )<br> )<br>      Defendant. )<br> ) | ORDER |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. Nos. 6, 11). Defendant argues that both counts of Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff is barred by the applicable statutes of limitations. Plaintiff did not respond to Defendant's Motion to Dismiss; however, Plaintiff did file an amended complaint within the twenty-one (21) days allowed as a matter of course following the motion, which was Defendant's first responsive pleading. See Fed. R. Civ. P. 15(a); (Doc. No. 8). Defendant then filed a second motion to dismiss the amended complaint adding two (2) further arguments for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 11).

Defendant's motion is DENIED for the reasons stated herein.

## I. BACKGROUND

Plaintiff contends that Defendant offered Plaintiff an adjustable-rate loan and made verbal promises assuring Plaintiff that his loan could be refinanced at a fixed rate after the completion of the construction for which the loan was offered (Plaintiff Am. Comp. ¶¶ 13,15). Because of this promise, Plaintiff agreed to the adjustable-rate loan; however, Defendant did not allow Plaintiff to refinance the loan after construction was completed (Plaintiff Am. Comp. ¶¶

16, 25). Plaintiff asserts that Defendant then made an accounting error and incorrectly reported to credit-rating agencies that Plaintiff had been delinquent on the loan, making it practically impossible for Plaintiff to refinance with another financial institution (Plaintiff Am. Comp. ¶ 26, Ex. D). Defendant then advised Plaintiff to sell his primary residence, and Plaintiff sold part of the property for $45,000 (Plaintiff Am. Comp. ¶ 32, Ex. E). That amount was paid directly to the bank, but Plaintiff contends only $25,194.64 was credited against the principal of his loan by Defendant (Plaintiff Am. Comp. ¶¶ 35-37). Plaintiff alleges he then entered into a contract to sell another piece of property also subject to the loan, but Defendant prevented the sale from being completed (Plaintiff Am. Comp. ¶ 39).

Plaintiff reports he learned that Defendant "had been acting in bad faith and lying to him" in late June 2008 (Plaintiff Am. Comp. ¶ 40). He alleges one (1) count of fraud and one (1) count of violating the North Carolina Deceptive Trade Practices Act, N.C. Gen. Stat. § 74-1.1.

## II. DISCUSSION

**1.   Statutes of Limitations**

Defendant first alleges that both of Plaintiff's claims are barred by the applicable statutes of limitations. In North Carolina, the statute of limitations for a claim of fraud or mistake is three (3) years; however, "the cause of action shall not be deemed to have accrued until discovery by the aggrieved party of the facts constituting the fraud or mistake." N.C. Gen. Stat. § 1-52. Therefore, the statute of limitations began to run on the first count when Plaintiff found out about the alleged fraud, which, Plaintiff contends, was "late June 2008" (Plaintiff Am. Comp. ¶ 40) ("It was late June 2008 that Wood figured out that SCBT had been acting in bad faith and lying to him."). Plaintiff's complaint was filed on June 20, 2011.

According to the amended complaint, Plaintiff clearly was unaware of the fraud as late as

May 13, 2008, as he continued to follow Defendant's instructions and contracted to sell his primary residence. It was not until after the bank allegedly blocked this sale that he learned of the purported fraud, which was in late June. In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must assume the facts alleged in the complaint to be true and construe the facts in the light most favorable to Plaintiff. See, e.g., Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) ("The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of a complaint."). The Court is thus left, at this stage, with the factual conclusion that Plaintiff learned of the alleged fraud in late June 2008 and filed this action within the three-year time limit, on June 20, 2011. Therefore, the motion to dismiss count one (1), alleging fraud, for exceeding the statute of limitations is DENIED.

The second count, which alleges a violation of the North Carolina Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, has a more generous four (4) year statute of limitations. See N.C. Gen. Stat. § 75-16.2. Generally, this statute commences when the violations actually occur. See Neugent v. Beroth Oil Co., 560 S.E.2d 829, 839 (N.C. App. 2002) ("The statute commences when the violations occur."); United States v. Ward, 618 F. Supp. 884 (E.D.N.C. 1985) ("A cause of action 'accrues' under this statute when the alleged violation occurs."); see also Barbee v. Atlantic Marine Sales and Serv., Inc., 446 S.E.2d 117, 122 (N.C. App. 1994) ("In general, a cause of action accrues when the right to institute and maintain a suit arises."). However, when the violation of the statute arises out of fraud, the statute of limitations does not accrue until the unfair or deceptive act is discovered or should have been discovered. See Wysong and Miles Co. v. Emp'rs of Wausau, 4 F. Supp. 2d 421 (M.D.N.C. 1998) (citing Nash v. Motorola Commc'n and Elec., Inc., 385 S.E.2d 537, 538 (N.C. 1989)) ("A cause of action under

this statute based on alleged fraud accrues, like a common law fraud cause of action, when the unfair or deceptive act is discovered or should have been discovered in the exercise of due diligence."); see also Rothmans Tobacco Co. v. Liggett Grp., Inc., 770 F.2d 1246, 1249 (4th Cir. 1985) ("Under North Carolina law . . . [a]ctions based on fraud accrue at the time that the fraud is discovered or should have been discovered with the exercise of reasonable diligence."). Therefore, assuming the facts alleged in the complaint to be true and construing the facts in the light most favorable to the plaintiff, Plaintiff had until late June 2012 to bring a complaint for a violation of the North Carolina Deceptive Trade Practices Act and filed his complaint well within that time. Therefore, Defendant's motion to dismiss count two (2) of the complaint for exceeding the statute of limitations is DENIED.

**2.     Failure To State a Claim upon Which Relief Can Be Granted**

Defendant also asserts that Plaintiff has failed to state a *prima facie* claim for count two (2), to show an unfair trade practice in violation of N.C. Gen. Stat. § 75-1.1. Defendant admits that Plaintiff need only show that (1) Defendant committed an unfair or deceptive act or practice, (2) the action in question was in or affecting commerce, and (3) the act proximately caused injury to the plaintiff. (Doc. No. 12, p. 9); see Spartan Leasing, Inc. v. Pollard, 400 S.E.2d 476, 485 (N.C. App. 1991). Plaintiff has pled that Defendant committed an unfair or deceptive act or practice (See, e.g., Am. Comp. ¶ 62-69), that the action was in commerce (See, e.g., Am. Comp. ¶ 13, 36, 38), and that the act proximately caused injury to Plaintiff (See, e.g., Am. Comp. ¶ 37, 47). Applying the standard appropriate for a motion under Fed. R. Civ. P. 12(b)(6), Plaintiff has properly pled an action under the North Carolina Unfair and Deceptive Trade Practices Act. N.C. Gen. Stat. § 75-1.1. Therefore Defendant's motion to dismiss count two (2) for failure to state a claim upon which relief can be granted is DENIED.

Lastly, Defendant contends that the relief sought by Plaintiff is barred by the parole evidence rule (Doc. No. 12, p. 11). The parole evidence rule dictates that extrinsic evidence may not be used to vary the terms of a contract. See, e.g., Sapphire Dev., LLC v. Span USA, Inc., 120 F. App'x 466, 472 (4th Cir. 2005); Steel Ltd. P'ship v. Caldor, Inc., 850 F.2d 690 (unpublished table decision) (4th Cir. 1988) ("Under the parole evidence rule, extrinsic evidence is not admissible to contradict or explain the plain meaning of an executed and comprehensive written contract."). However, breach of contract is not alleged in this action. There has been no attempt by Plaintiff to allege that the terms of any contract should not be enforced; instead, Plaintiff alleges fraud and a violation of the North Carolina Deceptive Trade Practices Act. More importantly, the parole evidence rule does not apply in actions where it is alleged the contract was entered into by fraud. See, e.g., Holt v. Quaker State Oil Ref. Co., 67 F.2d 170, 171 (4th Cir. 1933) ("The general rule supported by a great weight of authorities is that fraud vitiates any contract or transaction into which it enters, and the doctrine that parole evidence is inadmissible to contradict or explain the terms of a written contract is inapplicable where the issue is whether the contract was procured by fraud."). Therefore, the parole evidence rule does not apply in this case and Defendant's motion to dismiss for this reason is DENIED.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is DENIED.

Signed: February 6, 2012

Frank D. Whitney
United States District Judge